IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02215-M

DANIEL HERNANDEZ ROMO,                )
                                       )
              Petitioner,              )
                                       )
       v.                              )       ORDER
                                       )
K. HECKARD,                            )
                                       )
              Respondent.              )

This cause is before the court on petitioner's motion for reconsideration, Mot. [D.E. 7], and respondent's motion to dismiss, or in the alternative, for summary judgment, Mot. [D.E. 11]. For the reasons discussed below, the court denies petitioner's motion and grants respondent's motion.

Relevant Procedural History:

On September 26, 2023, Daniel Hernandez Romo ("petitioner"), a federal inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]; Pet. Attach. [D.E. 1-1] (noting he is subject to a detainer on state charges in Guilford County, North Carolina; seeking a speedy trial dismissal of his state charges under the Interstate Agreement on Detainers Act ("IADA"); and alleging, due to his detainer, he is denied "access to rehabilitative programs" in the Federal Bureau of Prisons ("BOP") and is unable to reduce his security status).

On March 14, 2024, the court dismissed without prejudice for failure to exhaust state-court remedies that part of the petition seeking to dismiss pending state criminal charges or attack the detainer, but allowed the action to proceed as to claims regarding purported adverse effects on his BOP conditions of confinement because of his detainer on the state charges. See Order [D.E. 5].

On March 25, 2024, petitioner moved for reconsideration. See Mot. [D.E. 7].

On May 2, 2024, respondent filed a motion to dismiss for failure to state a claim, or in the alternative, motion for summary judgment, Mot. [D.E. 11], a memorandum [D.E. 12], a statement of material facts [D.E. 13], and an appendix [D.E. 14], with the declaration of BOP paralegal specialist Kelly Forbes [D.E. 14-1], and supporting documents [D.E. 14-2, 14-3, 14-4, 14-5].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about respondent's motion, the response deadline, and the consequences of failing to respond [D.E. 15], but petitioner failed to respond and the time to do so has passed.

## Petitioner's Motion for Reconsideration:

In support of his motion for reconsideration, petitioner argues the court erred in dismissing his petition without prejudice in part for failure to exhaust state-court remedies. Mot. [D.E. 7].

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). A court may revise an interlocutory order under three circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017).

Here, there has been no subsequent trial or change in applicable law, and petitioner also has not shown any clear error causing manifest injustice in the court's finding that, as he admits, he failed to exhaust state-court remedies. Cf. id. Petitioner's bald assertions fail to demonstrate that exhaustion of state-court remedies would be futile, and his citation to McNeil v. United States, 508 U.S. 106, 113 (1993) (upholding dismissal of unexhausted Federal Tort Claims Act suit), is wholly inapt. Accordingly, the court DENIES this motion for reconsideration [D.E. 7].

2

Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment:

1) Statement of Facts:

A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No. 7:14-CV-113-D, 2017 WL 1030706, at *1 n.1 (E.D.N.C. May 15, 2017) (unpublished); see Fed. R. Civ. P. 56(e)(2).

Respondent's statement of facts cites the underlying evidence, which the court has reviewed, whereas petitioner has not filed any opposing statement of facts.

Respondent states: Petitioner is currently serving an 84-month federal sentence at the Low Security Correctional Institution, in Butner, North Carolina; petitioner "is currently subject to a detainer for possible deportation, lodged by the U.S. Department of Homeland Security, Immigration and Customs Enforcement"; "Official records show the BOP has granted Petitioner 360 days of First Step Act ('FSA') time credits towards early release to his term of supervised release"; "As of April 30, 2024, Petitioner has earned 360 days of FSA time credits towards early release, for his participation in various programing during his incarceration with the BOP"; "Petitioner's projected statutory release date from BOP custody is March 28, 2027"; this "projected statutory release date takes into account all applicable presentence jail credit, as well as all earned and projected Good Conduct Time ('GCT')"; due to the application of his 360 days of FSA time credits, petitioner is currently scheduled to release from his 84-month sentence on April

3

2, 2026; "During his incarceration with the BOP, Petitioner has participated in, and completed, at least ten (10) educational programs, including an HVAC program and a non-residential drug program"; and, "To date, Petitioner has not filed any administrative remedy requests through the BOP's Administrative Remedy Program." See Resp't Stmt. Mat. Facts. [D.E. 13] at ¶¶1–8.

2) Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the petition's legal and factual sufficiency. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). In reviewing such a motion, the court accepts as true all factual allegations, but need not accept legal conclusions drawn from the facts, Iqbal, 556 U.S. at 678–79, nor "unwarranted inferences, unreasonable conclusions, or arguments," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted). The court liberally construes *pro se* filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), but the facts alleged still "must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and

4

internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

3) Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Respondent argues petitioner failed to exhaust administrative remedies as to his surviving BOP conditions-of-confinement claims before filing this action. Resp't Mem. [D.E. 12] at 6–10.

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal citations and quotation marks omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93. Failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proved. See Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

5

The BOP has a multi-tiered Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq. An inmate first seeks informal resolution by filing Form BP-8, and, if unresolved, the inmate must file a formal written "Administrative Remedy Request," Form BP-9. Id. at §§ 542.13, 542.14(a). The Warden generally must respond within 20 days. Id. at § 542.18. Within twenty days of the Warden's BP-9 response, an inmate may appeal to the Regional Director by filing Form BP-10. Id. at § 542.15. Finally, within 30 days of the Regional Director's BP-10 response, the inmate may appeal to the General Counsel by filing Form BP-11. Id. If the inmate fails receive a response within these allotted time frames, including extensions of time, the inmate may treat the absence of a response as a denial and then may appeal to the next level. Id. at § 542.18.

Kelly Forbes declares, *inter alia*, that: the attached official BOP records are "business records of regularly conducted activity" that Forbes is "qualified to authenticate"; Forbes certifies that the attached BOP records "(1) were made at or near the time of the occurrence or the matters set forth by, or from information transmitted by, a person with knowledge of those matters," "(2) were kept in the course of regularly conducted activity," and "(3) were made by the regularly conducted activity as a regular practice"; and, an attachment reflects that, during his incarceration with the BOP, petitioner "has not filed any administrative remedy request" through the BOP's Administrative Remedy Program. Resp't App., Attach. 1, Forbes Decl. [D.E. 14-1] at ¶¶1–3, 11.

The record supports Forbes' declaration. See id., Attach. 4, [D.E. 14-5] (Apr. 30, 2024, Administrative Remedy Generalized Retrieval form for petitioner's BOP Register # 39970-509, stating: NO REMEDY DATA EXISTS FOR THIS INMATE").

After considering the record evidence and the reasonable inferences drawn therefrom in the light most favorable to petitioner, Scott, 550 U.S. at 378, respondent has shown the absence of

a genuine issue of material fact regarding petitioner's failure to exhaust BOP administrative remedies as to his surviving BOP conditions-of-confinement claims before filing this petition, Celotex, 477 U.S. at 325; see Jones, 549 U.S. at 216–17; Woodford, 548 U.S. at 90.

By contrast, petitioner fails either to show that BOP administrative remedy procedure was unavailable to him within the meaning of Ross v. Blake, 578 U.S. 632, 642 (2016), or to establish the existence of "exceptional circumstances" that would allow for bypassing BOP administrative remedy procedure, cf. Timms, 627 F.3d at 530–31. Thus, petitioner fails to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587.

Accordingly, respondent is entitled to summary judgment, Anderson, 477 U.S. at 247–48, and, because the court dismisses the action without prejudice for failure to exhaust administrative remedies, see Rodriguez, 715 F. App'x at 265, the court need not address respondent's additional arguments in support of the motion to dismiss or, in the alternative, for summary judgement.

## Conclusion:

In sum, the court: DENIES the motion for reconsideration [D.E. 7]; GRANTS respondent's motion to dismiss or, in the alternative, for summary judgment [D.E. 11]; DISMISSES WITHOUT PREJUDICE the action for failure to exhaust administrative remedies; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 21st day of February, 2025.

RICHARD E. MYERS II
Chief United States District Judge